Opinion by
Willson, J.
§ 505. Failure of officer to collect and return execution for costs issued from court of appeals; liability of officer' and his sureties; mode of procedure to enforce such liability. In the above causes, the clerk of this court prose *453 cutes a motion against S. A. Brito, sheriff of Cameron county, and the sureties upon his official bond, alleging and showing the following facts: In said causes, the judgments of the lower court were affirmed by this court, and the costs of the appeals adjudged against appellants therein. In the first named case the costs due said clerk amounted to $14.60, and in the other case to $19.40. On February 12, 1884, said clerk issued executions for said costs, and directed and forwarded the same to said sheriff of Cameron county, that being the county where the judgments appealed from were rendered, and where said appellants resided. Said executions were made returnable within four months from the date thereof, and were received by said sheriff, in a few days thereafter, during said month of February. Neither of said executions have been returned by said sheriff, nor has he given any account thereof to said clerk. On the 30 th of June, 1884, said clerk issued and forwarded to said sheriff a citation in due form, citing said sheriff to appear on the first day of the present term of this court and show cause, if any he could, why he had not collected and returned said costs and executions. Said citation was duly received by said sheriff in July, 1884, but no answer thereto has been made. It further appears that Damasco Cantu, Casiniro Tamayo and L. I. Hynes were the sureties upon the official bond, as sheriff, of the said S. A. Brito when the liability herein accrued.
This motion is brought under articles 1059 and 1060 of' the Revised Statutes, which read as follows:
“ Article 1059. All executions for costs of the supreme court or court of appeals, as authorized by law, shall he returned by the sheriff or constable to whom they are directed within four months from the date thereof.”
“ Article 1060. In case any officer shall fail or refuse to make such return with the- amount of such costs, if he has collected the same, within the time prescribed herein, or shall make a false or fraudulent return of any such execution, the clerk of said supreme court or court *454 of appeals may issue citation, returnable forthwith, to such officer, to appear before said supreme court or court of appeals, and show cause, if any he can, why he has not collected and returned such costs and execution; and failing to show cause, said court may enter judgment against such officer and the sureties on his official bond for twice the amount of said costs, together with the .costs of such proceedings.”
January 14, 1885.
It appears to us that all the facts necessary to establish the liability of said sheriff and his sureties under the foregoing provisions of the statute are shown by the motion and the accompanying exhibits, and as said sheriff has failed to show any cause against the motion, it only remains for this court to render the judgment prayed for in the motion and' prescribed by the statute. It is therefore adjudged that Horace A. Morse, clerk of this court, do have and recover of S. A. Brito, and the said sureties upon his official bond as sheriff, aforesaid, the sum of $68, that sum being twice the amount of the aforesaid costs, together with the costs of this proceeding, and that execution may issue accordingly.
Motion granted.